UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN JONES,

        Petitioner,

                                       CIVIL CASE NO. 05-CV-70897-DT

v.                                   HONORABLE GERALD E. ROSEN

BARRY DAVIS,

        Respondent.

_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE  TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner has filed a notice of appeal concerning this Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues

1

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Counsel's actions were matters of sound trial strategy and/or did not prejudice Petitioner given the victim's and the eyewitnesses' identifications of him as the shooter.

Accordingly, the Court **DENIES** a certificate of appealability.  Given this determination, the Court also **DENIES** his motion for leave to proceed on appeal *in forma pauperis*, *see* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  July 5, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 5, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

2